UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TIMOTHY MICHAEL DAVIDSON,<br><br>        Plaintiff,<br><br>  vs.<br><br>UNIVERSITY OF HAWAII,<br><br>        Defendant. | CIV. NO. 19-00279 LEK-WRP |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

        Before the Court is Defendant University of Hawaii's ("Defendant" or "University of Hawaii") Motion for Summary Judgment ("Motion"), filed on September 9, 2020. [Dkt. no. 45.] *Pro se* Plaintiff Timothy Michael Davidson ("Plaintiff') filed a document captioned "Plaintiff's Declaration/Memo of Opposition to Defendant UH Motion for Summary Judgment" and titled "Request to Continue Discovery" ("Request") on October 23, 2020, and Defendant filed its reply on October 29, 2020. [Dkt. nos. 51, 52.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Defendant's Motion is hereby granted for the reasons set forth below.

## BACKGROUND

Plaintiff filed his Complaint on June 3, 2019. [Dkt. no. 1.] He alleges he was hired by the University of Hawaii as a Faculty Junior Specialist/Athletic Academic Advisor on August 1, 2014, at the age of fifty eight. [Id. at ¶¶ 3, 11.] In the summer of 2015, after his supervisor, who was older than Plaintiff, passed away, Plaintiff was required to vote for one of his colleagues to be promoted to take the position. He did not vote for Courtney Tsumoto, who was in her mid-thirties, and who became his new supervisor. [Id. at ¶ 12.] He states that he was retaliated against by Ms. Tsumoto. Specifically, on November 8, 2017, the Department Personnel Committee, which was chaired by a longtime mentor of Ms. Tsumoto, voted three-to-two to not recommend the renewal of his contract. [Id. at ¶¶ 13-14.] In her December 6, 2017 Assessment and Recommendation, Ms. Tsumoto commented on Plaintiff's failure to perform any research or take any graduate level classes. [Id. at ¶ 16.] However, Plaintiff alleges those activities were only required for promotion, not under his job description. [Id.] On December 15, 2017, Plaintiff was given a "Terminal Year Contract" by Assistant Vice Chancellor Dr. Ronald Cambra, pursuant to the union agreement, and he was informed that his last day of service would be in July 2018. [Id. at ¶ 17.]

Plaintiff alleges he was the only person in his department over the age of fifty, and that two people younger than him had their contracts renewed.[1]  [Id. at ¶¶ 18-19.]  He also alleges that he is the legal guardian of his thirty-one year-old disabled son, and that Ms. Tsumoto reluctantly authorized time off for Plaintiff to care for his son in the summer of 2017.  [Id. at ¶ 24.]  After he received the decision that his contract would not be renewed, Ms. Tsumoto "created a hostile work environment by avoiding any conversation, eye contact, or normal office behavior towards Plaintiff."  [Id. at ¶ 25.]  In February 2018, Ms. Tsumoto only granted Plaintiff bereavement leave after he threatened to file a grievance. [Id.]  He alleges he was required to move out of faculty housing during his Terminal Year Contract because he was no longer on the tenure track.  He alleges he could not afford an apartment and thus was constructively discharged when he ended his employment early to move to Oregon because he could not afford housing in Hawai`i.  [Id. at ¶ 26.]  He has since been unable to find a job, and was required to begin taking Social Security benefits early, thus lowering the value for himself, and his son

---

[1] Plaintiff alleges one person in his forties also did not have his contract renewed in the relevant time period for mental health reasons, and that person has filed an Equal Employment Opportunity Commission action which is under investigation. [Complaint at ¶ 18.]

3

who will eventually be the beneficiary of his benefits. [Id. at ¶ 27.] He alleges his contract was not renewed due to his age; association with his disabled son; and in retaliation for not voting for his supervisor's promotion. [Id. at ¶ 4.]

Plaintiff asserts the following causes of action: 1) violation of the Age Discrimination in Employment Act of 1967 ("ADEA") ("Count I"); [id. at ¶¶ 28-32;] and 2) violation of the Americans with Disabilities Act of 1990 ("ADA") ("Count II"), [id. at ¶¶ 33-36].

He seeks: reinstatement with full benefits; general damages; special damages, including back pay, front pay, and other expenses; punitive damages; reasonable legal fees and costs, including prejudgment interest; and any other relief that the Court deems appropriate.

In the Motion, Defendant argues both of Plaintiff's claims are barred by sovereign immunity, but even if they were not, they would still fail. Defendant argues Count I fails under the burden-shifting framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). With respect to Count II, Defendant argues the Ninth Circuit has not recognized a cause of action in discrimination due to association with a disabled person.

**DISCUSSION**

I.  **Plaintiff's Request for Additional Time**

As a *pro se* litigant, Plaintiff's filings are liberally construed. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed[.]" (citation and internal quotation marks omitted)). Although a *pro se* plaintiff's filings are ultimately "held to less stringent standards than formal pleadings drafted by lawyers," id., "[h]e who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to . . . assist and guide the *pro se* layman[,]" Jacobsen v. Filler, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (alterations in Jacobson) (quoting United States v. Pinkey, 548 F.2d 305, 311 (10th Cir. 1977)).

In his Request Plaintiff seeks additional time under Fed. R. Civ. P. 56(d). Rule 56(d) states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1)  defer considering the motion or deny it;
>
> (2)  allow time to obtain affidavits or declarations or to take discovery; or
>
> (3)  issue any other appropriate order.

To prevail on a Rule 56(d) request, the party seeking relief must show that: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008) (citation omitted). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Plaintiff requests additional time to depose Ms. Tsumoto, and obtain the contract renewal documents for another academic advisor in Plaintiff's department whose contract was renewed and is more than thirty years younger than Plaintiff. [Request, Decl. Under Penalty of Perjury of Timothy M. Davidson at ¶¶ 2-3.] Plaintiff has not explained how the information he seeks is essential to his opposition, particularly with respect to sovereign immunity. See Amgen Inc. v. Sandoz Inc., 295 F. Supp. 3d 1062, 1071 (N.D. Cal. 2017) (denying a Rule 56(d) continuance where the factual issues sought to be developed were not material to the operative issue in the motion for summary judgment). Therefore, Plaintiff's Rule 56(d) request is denied.

## II. **Motion for Summary Judgment**

Pursuant to the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. In sum, the Eleventh Amendment generally prohibits federal lawsuits brought against a state. Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831 (9th Cir. 1995) (per curiam) (citation omitted). However, Eleventh Amendment immunity is limited in three ways. First, Congress may abrogate that immunity pursuant to its lawmaking powers conferred by the United States Constitution. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 80 (2000). "Second, a State may waive its sovereign immunity by consenting to suit." Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999) (citation omitted). Finally, the Eleventh Amendment does not bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law. Ex parte Young, 209 U.S. 123, 126 (1908). "The [Ex parte Young] doctrine is

7

[however] inapplicable when a claim is asserted against a state agency as it only applies to claims against an individual state official." Oyama v. Univ. of Haw., Civ. No. 12-00137 HG-BMK, 2013 WL 1767710, at *7 (D. Hawai`i Apr. 23, 2013) (citing McNally v. Univ. of Haw., 780 F. Supp. 2d 1037, 1056 (D. Haw. 2011)), *aff'd*, 813 F.3d 850 (9th Cir. 2015).

"The University of Hawaii is a state agency entitled to immunity under the Eleventh Amendment." Ciacci v. Haw. Gov't, Civil No. 12-00511 JMS-KSC, 2012 WL 6697569, at *4 (D. Hawai`i Dec. 24, 2012) (citing Mukaida v. Hawaii, 159 F. Supp. 2d 1211, 1220-22 (D. Hawai`i 2001)). As held by the Ninth Circuit:

> Sovereign immunity accorded by the Eleventh Amendment bars any action by Tagupa in federal court against the Regents: "the University of Hawaii . . . and the board of regents . . . are clearly immune as agencies of the state." Hall v. State of Hawaii, 791 F.2d 759, 761 (9th Cir. 1986). This bar against suing the agencies of a state applies equally to retrospective monetary relief and to prospective injunctive relief. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) (citing Missouri v. Fiske, 290 U.S. 18, 27 (1933)).

Tagupa v. Odo, No. 94-16898, 1996 WL 453149, at *2 (9th Cir. Aug. 8, 1996) (alterations in Tagupa); see also In re Pegasus Gold Corp., 394 F.3d 1189, 1195 (9th Cir. 2005) (explaining "agencies of the state are immune from private damage actions or

suits for injunctive relief brought in federal court" (citation and quotation marks omitted)).

The ADEA is not a valid abrogation of the states' sovereign immunity. Kimel, 528 U.S. at 91; see also Committe v. Or. State Univ., Civ. No. 6:16-cv-00962-MC, 2016 WL 4374945, at *2 (D. Or. Aug. 11, 2016) (noting that "the ADEA does not abrogate the States' sovereign immunity from suits by private individuals" (citing Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000))). Defendant's Eleventh Amendment immunity is a matter of law. Summary judgment is thus warranted as to Count I on the basis of sovereign immunity. See Tagupa, 1996 WL 453149 at *3 (instructing the district court to grant the defendants' motion for summary judgment on qualified and sovereign immunity grounds); see also Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Therefore, the Motion is granted as to Count I.

Plaintiff does not state whether Count II is brought under Title I or II of the ADA. Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of

9

employment."  42 U.S.C. § 12112(a).  However, Plaintiff may not bring a suit for money damages or injunctive relief against the state or a state agency under Title I of the ADA.  See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003) (explaining "Congress may not abrogate the sovereign immunity of states for suits under Title I of the ADA"); see also Garcia v. Haw. Health Sys. Corp., Civil No. 14-00044 LEK-KS, 2014 WL 3672119, at *3-4 (D. Hawai`i July 23, 2014) (dismissing with prejudice a complaint on the basis that "[t]he United States Supreme Court has held that Congress may not abrogate the states' sovereign immunity from suits under Title I of the ADA" (citing Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003))).  Thus, to the extent that Plaintiff's Count I is brought under Title I of the ADA, it is barred by sovereign immunity.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity."  42 U.S.C. § 12132.  However, Title II does not apply to employment. Zimmerman v. Or. Dep't of Just., 170 F.3d 1169, 1184 (9th Cir. 1999).  Therefore, regardless of sovereign immunity, because

Plaintiff's ADA claim relates solely to employment, relief is not available under Title II of the ADA.

In sum, Plaintiff's Count I is barred under the doctrine of sovereign immunity, and Count II is either barred under the doctrine of sovereign immunity or otherwise not available because Plaintiff's claims relate only to employment.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment, filed September 9, 2020, is HEREBY GRANTED. There being no remaining claims in this case, the Clerk's Office is DIRECTED to enter judgment in favor of Defendant as to all claims on **July 13, 2021.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 30, 2021.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**TIMOTHY MICHAEL DAVIDSON VS. UNIVERSITY OF HAWAII; CV 19-00279 LEK-WRP; ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**